JOSEPH A. WALSH II, State Bar No. 143694
joe.walsh@cwn-law.com
ELLEN E. McGLYNN, State Bar No. 270367
ellen.mcglynn@cwn-law.com
COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone: (562) 317-3300
Facsimile: (562) 317-3399

Attorneys for Plaintiffs Dordellas Finance Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| In re Application of | Case No. |
|---|---|
| Dordellas Finance Corp. | IN ADMIRALTY |
| Petitioner, | **OPPOSED EMERGENCY *EX PARTE* VERIFIED PETITION TO PERPETUATE TESTIMONY** |
| For Order Authorizing Petition to Perpetuate Testimony Pursuant to FRCP Rules 27 | Admiralty Fed.R.Civ.P. 9(h) |
| | [Filed concurrently with Declarations of Joseph A. Walsh II and Jock Mawson and [Proposed] Order] |

4874-6239-4628v2

OPPOSED EMERGENCY *EX PARTE* VERIFIED PETITION TO PERPETUATE TESTIMONY

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION……………………………………………………………1

II.  STATEMENT OF FACTS……………………………...………………..3

    A.   Parties to Future Litigation………………………...…………………..3

    B.   The Incident………………………………………………...…………4

    C.   Anticipated Litigation………………………………….………………6

    D.   Jurisdiction…………………………………………………………..7

III. ARGUMENT…………………………………………………………………7

    A.   Petitioner has Satisfied all of the Requirements of Rule 27……..…..9

    B.   Granting this Petition Without the 21-Day Notice

        Period Is Justified………………………………………….………11

PRAYER………………………………………………………………...……12

VERIFICATION………………………………………………………………..14

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*
    198 F.3d 473 (4th Cir. 1999)……………………..…………...…………8

*In re Campania Chilena de Navegacion*
    No. 03 Civ. 5382, 2004 WL 1084243, (E.D.N.Y. Feb. 6, 2004)………………8

*Mission Power Eng'g Co. V. Cont'l Cas. Co.*
    883 F. Supp. 488 (C.D. Cal. 1995).………………………………………………1

*Mosseller v. United States*
    158 F.2d 380 (2d Cir. 1946).……………………………………………………8

*Penn Mut. Life Ins. Co. v. United States*
    68 F.3d 1371 (D.C.Cir.1995).……………………………………………………8

*In re Petition of Chao*
    No. 08-mc-56-JSS, 2008 WL 4471802 (N.D. Iowa Oct. 2, 2008)……………9

*In re Raffles Shipping Int'l Pte*
    No. 10-0693-MLCF-SS, 2010 WL 819820 (E.D. La. Mar. 4, 2010).…………..8


**Rules/Statutes**

33 U.S.C. § 2701……………………………………………………………………………4

Federal Rules of Civil Procedure, Rules 9……………...…………………………….7

Federal Rules of Civil Procedure, Rules 27………...……………….....……1, 7, 8 9

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone (562) 317-3300

4863-7992-6788v3      ii
OPPOSED EMERGENCY *EX PARTE* VERIFIED PETITION TO PERPETUATE TESTIMONY

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT, FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:

Dordellas Finance Corp., Petitioner herein ("Petitioner"), pursuant to the provisions of Rule 27 of the Federal Rules of Civil Procedure, files this Petition, on an emergency *ex parte* basis, to Perpetuate Testimony (the "Petition"). In support thereof, the Petitioners respectfully present the Court with the following:

## I.    INTRODUCTION

Petitioner by and through their undersigned attorneys, respectfully seeks, on an emergency *ex parte* basis, an Order pursuant to the Federal Rules of Civil Procedure, Rule 27 to preserve the testimony of the Second Officer, Robert Ledesma, presently onboard the ocean-going container ship, M/V BEIJING, for use in the United States District Court for the Central District of California. Since the M/V BEIJING, along with Mr. Ledesma, is scheduled to depart this District during the early morning hours of November 29, 2021 before the Court's normal operating hours, Petitioner seeks on an emergency basis an Order from this Court authorizing it to depose Mr. Ledesma.

In order to justify *ex parte* relief: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. V. Cont'l Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Petitioner will be irreparably harmed if the Petition is heard according to regular procedures because Mr. Ledesma, from whom Petitioner seeks testimony is scheduled to depart this District on November 29, 2021. *See* Declaration of Joseph A. Walsh II in Support of Emergency *Ex Parte* Verified Petition to Perpetuate Evidence and Testimony ("Walsh Decl."), ¶ 20. Once Mr. Ledesma departs this District, Petitioner's cause will be moot and it is unlikely, if not an impossibility, that a hearing

scheduled according to regular motion practice will take place before his departure. Petitioner is not at fault in creating the crisis. **As of 1300 November 27, 2021, Petitioner has been informed that Mr. Ledesma has departed the M/V BEIJING and is heading to the airport to flee the jurisdiction**. Walsh Decl. ¶ 31.

Moreover, Petitioner only learned on November 23, 2021 that unlike the vast majority of the vessels calling the Los Angeles and Long Beach Port complex, the M/V BEIJING had somehow accelerated its schedule and arranged to have its cargo operations conducted at an automated terminal in Long Beach on November 24, 2021 and now plans to leave this District before the end of the Thanksgiving weekend – much sooner than originally reported and much sooner than could have been reasonably expected given the historic port congestion and waiting times for nearly every vessel of the past several months. *See* Walsh Decl. ¶ 18.

Upon learning this information, Petitioner's counsel immediately conferred on November 23, 2021 with counsel for owners and operators of the M/V BEIJING, whose name, address, telephone number, and email address appear below. During initial discussions, counsel for Petitioner advised counsel for the M/V BEIJING that it would seek judicial assistance in obtaining depositions and preservation of evidence unless an agreement was made to preserve testimony and evidence was reached extrajudicially. Walsh Decl. ¶ 22. After a series of overnight communications Petitioner and counsel for the M/V BEIJING reached an agreement in the early morning of November 24, 2021. As a part of this agreement, Petitioner would have the opportunity to interview four crewmembers presently onboard the M/V BEIJING who have personal knowledge of the events leading up to the underlying dispute (discussed at length below).

For the sake of brevity, Petitioner refers to the Declaration of Joseph Walsh for a more detailed account of events. However, in pertinent part, later in the day on November 24, 2021, Attorney Michael Zwieback, whose name, address, telephone number, and email address appear below, contacted counsel for Petitioner to notify

Petitioner that he represented Mr. Ledesma individually. Mr. Zweiback advised Petitioner that his client would assert his Fifth Amendment rights against self-incrimination to any question that would be asked of him. Regardless, Petitioner and all other parties agreed to move forward with the interview, which took place Friday November 26, 2021. Mr. Ledesma through counsel asserted his Fifth Amendment right against self-incrimination on the record to all questions, even declining to state his country of origin. After seventeen (17) minutes of foundational questioning, Mr. Zweiback terminated the interview. The other three crewmembers, who are represented by another attorney, are still scheduled to undergo interviews as previously agreed. As of Friday, counsel for owners and operators of the M/V BEIJING and counsel for Mr. Ledesma have been informed that Petitioner has no choice but to seek preservation of Mr. Ledesma's testimony through court order, counsel for opposing interests have indicated that they oppose this application. *See* Walsh Decl. ¶ 22.

Petitioner respectfully requests that this petition be granted immediately.

## II. STATEMENT OF FACTS

### A. Parties to Future Litigation

At all times mentioned in this Petition, Petitioner has been and is now the owner of the vessel MSC DANIT, a Panamanian flagged container vessel bearing IMO number 9404649. Petitioner is a foreign corporation or other foreign business entity organized under the laws of the Republic of Panama and whose headquarters and principle office is located in Panama.

At all times mentioned in this Petition, Costamare Shipping Co. S.A. ("Costamare") has been and is now the operator of the vessel M/V BEJING, a Malta flagged container vessel bearing the IMO number 9308508. Costamare is a foreign corporation or other foreign business entity whose headquarters and principle office is located in Greece.

At all times mentioned in this Petition, Capetanissa Maritime Corp.

("Capetanissa") has been and is now the owner of the vessel M/V BEJING, a Malta flagged container vessel bearing the IMO number 9308508. Capetanissa is a foreign corporation or other foreign business entity whose headquarters and principle office is located in Greece.

It is expected that Costamare and Capetanissa (together, the "Adverse Parties" in this Petition) are potential adverse parties in any court proceeding involving the evidence sought by this Petition.

### B. The Incident

This Petition arises out of the recent oil spill in Southern California in October of 2021 (the "Oil Spill"). On or about October 2, 2021 an oil spill was detected off of the shore of Southern California which was the result of a subsea oil pipeline rupture. The ruptured subsea pipeline is owned by Amplify. The Oil Spill resulted in an estimated 25,000 gallons of oil being discharged into the waters and beaches of the United States and created a clean-up response zone of nearly thirteen (13) square miles. Under the Oil Pollution Act of 1990, owners and operators of pipelines from which there is a discharge of oil are designated "Responsible Parties" and as such, are strictly liable for removal costs and specified damages. 33 U.S.C. § 2701 *et seq.* As the owner of the pipeline implicated in this Oil Spill, Amplify was designated as the "Responsible Party" and is initially liable for clean-up costs and damages.

On or about October 16, 2021, the United States Coast Guard ("Coast Guard") issued a News Release (the "October 16 New Release") indicating that Petitioner was designated as a "party in interest" relating to the Coast Guard's maritime casualty investigation arising from the Oil Spill. Attached hereto as Exhibit A is a true and correct copy of the October 16 News Release.

On or about October 16, 2021, the Coast Guard submitted a notice (the "Coast Guard Notice") to Petitioner informing it of its designation as a "party in interest" and further informing it that the Coast Guard "reasonably" suspected that an anchor dragging and strike on or about January 25, 2021 caused the damage which led to

Amplify's ruptured pipeline. Attached hereto as Exhibit B is a true and correct copy of the Coast Guard Notice.

As a result of the October 16 News Release and the Coast Guard Notice designating Petitioner as a "party in interest," Petitioner has become the subject of potential litigation arising from the Oil Spill. If found to be a contributing cause to the Oil Spill, Petitioner faces claims for contribution from Amplify and possibly direct claims from parties who were injured by the Oil Spill.

### *January 2021 Near Collision with the M/V BEIJING*

On or about January 18, 2021, the MSC DANIT was anchored within the navigable waters of the United States. On or about January 25, 2021, while still at anchor, the MSC DANIT among several other ships in nearby anchorages, experienced heavy weather including winds estimated at over forty (40) knots. On or about the morning of January 25, 2021, while still experiencing the impacts of heavy weather, the MSC DANIT began heaving its anchor to relocate to a safer location at sea.

While engaged in its heaving operation, another vessel, which was later identified as the M/V BEIJING, approached the MSC DANIT dangerously close. *See* Declaration of Jock (John) Mawson in Support of Emergency *Ex Parte* Verified Petition to Perpetuate Evidence and Testimony ("Mawson Decl."), ¶ 12. Starting as early as 0400 PST on January 25, 2021 the M/V BEIJING dragged its anchor, while moving in the direction towards the MSC DANIT. Mawson Decl. ¶ 10. Vessel Traffic Service ("VTS") data shows that the M/V BEIJING came within approximately 560 feet of the MSC DANIT after the M/V BEIJING reported to VTS its efforts to weigh anchor to get underway. In response to the M/V BEIJING's encroachment, the MSC DANIT ceased its heaving operation and made further adjustments to avoid the risk of an imminent collision with the M/V BEIJING. Mawson Decl. ¶ 14. Despite its intention to get underway the M/V BEIJING remained in anchorage throughout January 25, 2021.

*Adverse Parties Identified as Parties in Interest*

According to the News Release issued by the Coast Guard on or about November 19, 2021 (the "November 19 News Release"), the Coast Guard has now also designated the Adverse Parties, as "parties in interest" related to the M/V BEIJING's potential involvement in the Oil Spill. Attached hereto as Exhibit C is a true and correct copy of the November 19 News Release.

**C.  Anticipated Litigation**

According to the November 19 News Release, the Coast Guard continues to designate Petitioner as a party in interest related to the Oil Spill. *Id*. At present there are at least eleven (11) lawsuits filed as a result of the Oil Spill, including several seeking certification for class action. Though it is impossible to predict, Petitioner believes that the total costs from spill response environmental clean up, litigation, administrative or civil penalties and other assessments arising from the Oil Spill will be in the hundreds of millions of dollars.

Petitioner alleges that the Oil Spill occurred as a direct result of injury or damage caused or contributed to by the negligent actions of the M/V BEIJING upon the navigable waters of the United States.

According to the November 19 News Release, it is apparent that Petitioner's designation as a party in interest is the result of the Adverse Parties' negligence upon the navigable waters of the United States.  Should an anchor dragging incident be found to be a contributing cause to the Oil Spill, claims may be made directly against the Petitioner, the M/V BEIJING, and the Adverse Parties on behalf of injured parties and Amplify itself. As a result of the M/V BEIJING's negligence, Petitioner has a right to seek contribution against the M/V BEIJING *in rem*, and eventually the Adverse Parties for causing or contributing to the Oil Spill.

Presently onboard the M/V BEIJING are four (4) crewmembers who were onboard the M/V BEIJING on January 25, 2021 – Mr. Ledesma, the Chief Engineer, an Electrician and an Oiler. Both the Coast Guard and California state authorities have

targeted Mr. Ledesma, and the other three remaining crewmembers, as key witnesses who have personal knowledge of the events that took place on January 25, 2021. Petitioner believes that the Coast Guard successfully interviewed all four crewmembers, including Mr. Ledesma. Mr. Ledesma is believed to be a citizen of the Philippines. This is evidenced by the fact that he requested a Tagalog interpreter to assist in the event that questioning takes place. Once Mr. Ledesma leaves this District there is no guarantee that he will be available for further questioning.

### D. Jurisdiction

As is explained more fully below, Petitioner anticipates being a party to a future lawsuit concerning a maritime law dispute and as a matter of maritime law it will be cognizable in federal court. This Court has jurisdiction over Petitioner's Petition to Perpetuate Evidence under Rules 9(h) and 27(a) of the Federal Rules of Civil Procedure.

### III. ARGUMENT

Parties may seek depositions to perpetuate testimony under the Federal Rules of Civil Procedure Rule 27 to be used for future proceedings in the United States. FRCP 27. Rule 27 states in pertinent part: "A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." FED. R. CIV. P. 27 (a)(1)-(3). Accordingly, petitioners must satisfy five elements to obtain discovery orders pursuant to Rule 27:

> In order to obtain discovery under [Rule 27] . . . the petitioner must show the following elements: (1) that it expects to be a party to an action that may be cognizable in any court of the United States but the action is unable to be brought presently; (2) it must set forth the subject matter of the expected action and the petitioner's interest in such an action; (3) it must present facts which the petitioner seeks to establish through the proposed testimony and the reasons for desiring to perpetuate that testimony at this time; (4) it must provide the names or description of the expected adverse parties; and (5) the names and addresses of the witnesses to be examined and the substance of the testimony petitioner

expects to obtain from those witnesses. Fed. R. Civ. P. 27 (a) (1). *In re Campania Chilena de Navegacion*, No. 03 Civ. 5382, 2004 WL 1084243, (E.D.N.Y. Feb. 6, 2004).

It follows that Rule 27 is used "where testimony or evidence might be lost to a prospective litigant unless a deposition is taken immediately to preserve the testimony for future use." *Id*. A petitioner does not have to demonstrate a cognizable action with absolute certainty. *See Penn Mut. Life Ins. Co. v. United States,* 68 F.3d 1371, 1374 (D.C.Cir.1995).

Once the elements of Rule 27 have been met, a court may issue an order "if it is satisfied that a failure or a delay of justice may thereby be prevented." *Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1946). Given the fact that ships are in a constant state of motion and may only be found within United States' jurisdiction temporarily, courts are more inclined to grant a Rule 27 deposition of crewmembers due to the "extraordinary circumstances" presented by maritime casualties. *See, e.g.*, *Application of Deiulemar Compagnia Di Navigazaione*, 198 F.3d 473, 477 (4th Cir. 1999) (upholding order to inspect the vessel's condition pursuant to Rule 27 to preserve evidence relating to the condition of a vessel calling to a U.S. port despite the fact that the underlying dispute was subject to a foreign forum selection clause); *In re Raffles Shipping Int'l Pte*, No. 10-0693-MLCF-SS, 2010 WL 819820, at *2 (E.D. La. Mar. 4, 2010) (ordering perpetuation of testimony of crewmembers and production of vessel documents where the vessel was about to leave U.S. port despite the fact that petitioner was unsure as to whether the underlying claim would be subject to foreign arbitration).

Although on its face Rule 27(a)(2) requires notice to the adverse party at least 21 days before a hearing, this requirement has been disregarded by many courts – particularly when as is the case here, evidence is at risk of being lost or taken outside the jurisdiction. In *Application of Deiulemar Di Navigazione S.p.A*. the United States District Court for the Eastern District of Louisiana held that the 21-day notice

requirement is not so "sacrosanct" that it cannot be modified so long as due process has been complied with. 153 F.R.D. 592, 593 (E.D. La. 1994). In *Deiulemar*, a ship needed to be inspected and was scheduled to leave the U.S. in a matter of days, and the court held that since the adversary was represented by counsel, failure to comply with the 21-day requirement did not prejudice the adversary. *Id*; *see also In re Petition of Chao*, No. 08-mc-56-JSS, 2008 WL 4471802, at * 2 (N.D. Iowa Oct. 2, 2008) (disregarding the 21-day notice requirement due to emergency circumstances). Here, Petitioner meets all the statutory requirements under Rule 27.

### A. Petitioner has Satisfied all of the Requirements of Rule 27

*Petitioner Expects to be a Party to An Action Cognizable in a United States Court But Cannot Presently Bring it or Cause it to be Brought*

Here, Petitioner is of the position that any potential liability for the Oil Spill is a result of the Adverse Parties' negligence during the high wind event in January of 2021. Petitioner seeks Rule 27 preservation of testimony for use in defending a large number of reasonably anticipated litigations that may be brought by Amplify or by claimants who suffered damage as a result of the Oil Spill. Moreover, the same testimony will be used in any future action by Petitioner against Adverse Parties and the Respondent vessel for any claims of contribution that Petitioner may seek. Any future action would be cognizable in a court of the United States in that the principal claims arise under admiralty jurisdiction.

Petitioner is presently unable to bring the action. Conversations between Petitioner's counsel and the Adverse Parties' counsel confirmed that if Petitioner is sued in court, Petitioner intends to file a third party cross claim or lawsuit for contribution and indemnity against the M/V BEIJING and Adverse Parties. As security for such future claim, and in order to avoid arrest, Petitioner and the Adverse Parties agreed to exchange mutually worded LOUs in lieu of seeking arrest of the M/V BEIJING. As a further demonstration of this possibility, Amplify interests threatened to arrest Petitioner's vessel, the MSC DANIT, and demanded security in

the amount of $97.5 million. Amplify thereafter accepted a Letter of Undertaking in that amount in lieu of arrest. Walsh Decl. ¶ 11. Moreover, the testimony sought by Petitioner will also be necessary to defend itself against Amplify, government agencies and other potential claimants as well as to the extent that Petitioner seeks contribution and/or indemnity from Adverse Parties.

*Subject Matter of the Expected Action and the Petitioner's Interest*

The subject matter of any potential litigation will ultimately come down to who caused the Oil Spill and who is ultimately liable to claimants for removal costs and damages. As discussed above, although Amplify is initially liable for costs of removal and damages under the Oil Pollution Act of 1990, Amplify claims to be in a position to bring a claim for contribution against Petitioner should it be found that Petitioner was a contributing cause of the spill. Additionally, other claimants may also bring suit for their damages against parties who may have contributed to an oil spill. Such claims are based on the pollution statute and will otherwise be cognizable as maritime claims.

*Facts that the Petitioner Seeks to Establish by the Proposed Testimony*

*and the Reasons to Perpetuate It*

Petitioner seeks the preservation of information that it knows must exist concerning the January 2021 anchor dragging event. Petitioner seeks the deposition of Mr. Ledesma who was onboard the M/V BEIJING on or about January 25, 2021. Deposing Mr. Ledesma will no doubt allow Petitioner to gain insight into the atmosphere of the vessel during the rough seas encountered on January 25, 2021, the command decisions that led the vessel to come into close proximity with the MSC DANIT, and the crew's response to dragging their anchor. But, most importantly, and as expressly contemplated by Rule 27, that testimony will be preserved for admission at trial when Mr. Ledesma who is likely foreign citizen is well beyond the reach of the Court's jurisdiction and the subpoena power of the Petitioner.

Petitioner seeks this instant relief because there is no guarantee that Petitioner will have access to the above information in the future. Mr. Ledesma is believed to be

a foreign national and has no obligation to stay or return to the United States for further inquiry. It is impossible to determine if Mr. Ledesma will ever come within the District again, and as mentioned above, Mr. Ledesma through counsel refused to acknowledge his country of origin. If Mr. Ledesma leaves the United States without offering his account of the facts on January 25, 2021, Petitioner would be seriously impaired in its attempt to defend the legal actions that it expects Amplify, claimants, and government enforcement officials to institute.

*The Names or a Description of the Persons Who the Petitioner Expects to be Adverse and their Addresses, So Far As Known*

The names of claimants, other than Amplify, who may bring claims for damages resulting from the spill against the MSC DANIT are presently unknown. Petitioner reasonably anticipates potential claims from Amplify located at 500 Dallas St, Suite 1700, Houston, Texas 77002. Additionally, Petitioner also expects to be adverse to the M/V BEIJING and to Costamare and Capetenissa, both located at 60, Zefyrou Street & A Syngrou Avenue, 175 64 Athens, Greece.

*The Name, Address, and Expected Substance of the Testimony of the Deponent*

Petitioner seeks to depose Robert Ledesma, Second Officer, who was last observed onboard the M/V BEIJING. His address is not known, but he last served aboard the M/V BEIJING at the Port of Long Beach.

**B. Granting this Petition Without the 21-Day Notice Period Is Justified**

Granting this Petition without the 21-day notice period is justified because the M/V BEIJING only recently scheduled its arrival into port on November 24, 2021 and is scheduled to depart this District during the early morning hours (estimated to be 0300 hours PST) of November 29, 2021. Mr. Ledesma is represented by counsel who is fully aware of the need to preserve Mr. Ledesma's testimony. Walsh Decl. ¶ 19.

Like in *Deiulemar*, time is of the essence and the Mr. Ledesma will suffer no undue prejudice if this Petition is granted. Mr. Ledesma has been represented by

counsel throughout the course of this matter and has had adequate notice that Petitioner would seek judicial assistance in preserving relevant evidence if necessary, as it has proven to be. Petitioner has already noticed counsel that Petitioner is going to file this Petition.

## PRAYER

WHEREFORE, Petitioner, Dordellas respectfully requests from this Honorable Court an order as follows:

A. Permitting representatives of Petitioner be granted the opportunity to depose Mr. Ledesma before the M/V BEIJING leaves the District.

B. That the Court retain jurisdiction of this matter to enforce its order.

C. Granting Petitioner all other relief to which it may show itself to be entitled.

Dated: November 27, 2021   COLLIER WALSH NAKAZAWA LLP

By:     /s/ Joseph A. Walsh II
        Joseph A. Walsh II
        Attorneys for Plaintiffs Dordellas Finance Corp.

**Counsel for M/V BEIJING and its Owners and Operators**
Albert E. Peacock III
Glen R. Piper
Peacock Piper Tong + Voss
100 West Broadway Suite 610
Long Beach, CA 90802
Telephone: (562) 320-8880
Facsimile: (562) 735-3950
Email: apeacock@peacockpiper.com

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone (562) 317-3300

4874-6239-4628v2

12

OPPOSED EMERGENCY *EX PARTE* VERIFIED PETITION TO PERPETUATE TESTIMONY

gpiper@peacockpiper.com

**Counsel for Second Officer Robert Ledesma**
Michael Zweiback
Zweiback Fiset & Coleman LLP
523 W 6th St,
Los Angeles, CA 90014
Telephone: (213) 266-5171
Email: Michael.zweiback@zfclaw.com

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone (562) 317-3300

# VERIFICATION

I, Joseph A. Walsh, declare as follows:

1. I am an attorney at law duly licensed to practice in all courts in the State of California, including this Honorable Court and am a member of the firm of Collier Walsh Nakazawa LLP, attorneys for Dordellas Finance Corp.

2. I have read the foregoing Opposed Emergency *Ex Parte* Verified Petition to Perpetuate Evidence and Testimony in this matter, know the contents thereof, and believe the same to be true to the best of my knowledge, information, and belief.

3. This verification is not made by the Petitioner or an authorized corporate officer because such is not present within this district and cannot provide such verification within the timing requirements necessitated by the risk of the M/V BEIJING being removed from this Court's jurisdiction.

4. I am authorized by Dordellas Finance Corp. to provide this verification.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of November, 2021 at Santa Ana, California.


                                                              /s/ Joseph A. Walsh II
                                                              Joseph A. Walsh II

COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone (562) 317-3300